UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDRES RODRIGUEZ, ALEX LOZOYA, ERIC LOZOYA, BENJAMIN LUNSFORD, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | No. 5:23-cv-393 |
| v. | § § § | |
| WTB LLC D/B/A WT BORING COMPANY LLC, CRAIG MORSE AND MARK JONES | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Alex Lozoya, Eric Lozoya, Andres Rodriguez and Benjamin Lunsford (collectively "Plaintiffs"), bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendants West Texas Boring, LLC, Craig Morse and Mark Jones (collectively referred to as "Defendants" or "WTB"). Plaintiffs' Consents to be Parties to this action are attached hereto as Exhibits 1 - 4. In support of their claims, Plaintiffs respectfully show the Court as follows:

## I. SUIT SUMMARY

1. Plaintiffs claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. WTB violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. WTB violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516. Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

5. Craig Morse ("Morse") and Mark Jones ("Jones") are personally liable for WTB's actions as "employers" because they are persons "acting directly or indirectly in the interest" of WTB in relation to Plaintiffs, WTB employees. Morse and Jones are individuals

who exercise significant operational control over WTB's business affairs, including but not limited to (1) the power to hire and fire employees, (2) supervise and control employee work schedules or conditions of employment, (3) determine the rate and method of compensation and/or (4) maintain or control the maintenance of WTB's employment records.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b) because the action under a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b)(1) and (2) because Plaintiffs worked out of WTB's place of business at 2880 Schuwirth Rd., Converse, TX, located in the San Antonio Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiffs' clims occurred in the San Antonio Division of the Western District of Texas.

## III. Parties

8. Alex Lozoya is an individual who resides in Hidalgo County, Texas and who was employed by WTB during the last three years.

9. Eric Lozoya is an individual who resides in Hidalgo County, Texas and who was employed by WTB during the last three years.

10. Andres Rodriguez is an individual who resides in Bexar County, Texas and who was employed by WTB during the last three years.

11. Benjamin Lunsford is an individual who resides in Wichita County, Texas and who was employed by WTB during the last three years.

12. WTB is a Texas corporation that may be served with process by serving its registered agent, Craig Morse at 1201 OIDC Drive, Odessa, TX 79766 USA.

13. Craig Morse is an individual who may be served with legal process at 1300 OIDC Drive, Odessa, TX 79766 USA, or wherever he may be found.

14. Mark Jones is an individual who may be served with process at 1300 OIDC Drive, Odessa, TX 79766 USA. or wherever he may be found.

15. Whenever it is alleged that WTB committed any act or omission, it is meant that WTB's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of WTB or was done in the routine and normal course and scope of employment of WTB's officers, directors, vice principals, agents, servants or employees.

## IV. FACTS

16. WTB is a horizontal directional drilling company that does business within the territorial jurisdiction of this Court.

17. WTB employed Plaintiffs Andres Rodriguez, Alex Lozoya, Eric Lozoya and Benjamin Lunsford as rig operators to work on directional drilling projects all over the USA for years, but for purposes of this suit, from March, 2020 through March, 2023.

18. During Plaintiffs' employment with WTB, they were engaged in commerce or the production of goods for commerce.

19. During Plaintiffs' employment with WTB, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

20. WTB paid Plaintiffs as salaried employees, at a rate of $48.08 per hour for Andres Rodriguez, $69.71 per hour for Alex Lozoya, $69.71 per hour for Eric Lozoya and $48.08 per hour for Benjamin Lunsford.

21. During Plaintiffs' employment with WTB, they regularly worked in excess of forty hours per week. In fact, they frequently worked 80 -100 hours a week on out of state projects.

22. WTB knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week. In fact, until late 2019, Plaintiffs' supervisor reported all hours they worked directly to Defendants, both straight time and overtime. In late 2019, the supervisor was instructed not to report overtime hours for Plaintiffs and other similarly situated WTB employees.

23. Plaintiffs worked on "teams," where every member of the team working on the same project worked the same hours each day. Workers hired on location for out of state projects were paid overtime. Nevertheless, WTB did not pay Plaintiffs' overtime "at a rate

not less than one and one-half times the regular rate at which they were employed." U.S.C. § 207(a)(1).

24. Instead, WTB paid Plaintiffs for a 40 hour week at the same hourly rate (i.e., their straight time rate) regardless of the number of hours they worked.

25. WTB's comptroller informed management that Plaintiffs were entitled to overtime pay, but the comptroller was overruled and Plaintiffs received payment for only 40 hours of work, regardless of how many hours they actually worked. WTB knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

26. Since Plaintiffs' supervisor routinely submitted Plaintiffs' hours worked per week up until 2019, but was specifically instructed to no longer include Plaintiffs' hours worked in his weekly report, WTB intentionally ceased keeping the information. Thus, WTB failed to maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

27. WTB knew or showed a reckless disregard for whether its pay practices violated the FLSA.

28. WTB is liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

29. All salaried laborers employed by WTB are similarly situated to Plaintiffs because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as

required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees and costs from WTB pursuant to 29 U.S.C. § 216(b).

## V. COUNT ONE—FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207(A)

30. Plaintiffs adopt by reference all of the facts set forth above. See, FED. R. CIV. P. 10(c).

31. During Plaintiffs' employment with WTB, they were nonexempt employees.

32. As nonexempt employees, WTB was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which [they were] employed" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

33. WTB did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

34. Instead, WTB paid Plaintiffs for 40 hours each week, at the same hourly rate (i.e., their straight time rate), regardless of the number of hours they worked.

35. If WTB classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses WTB's noncompliance with the overtime requirements of the FLSA.

36. WTB knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, WTB willfully violated the overtime requirements of the FLSA.

## VI. COUNT TWO—FAILURE TO MAINTAIN ACCURATE RECORDS IN VIOLATION OF 29 U.S.C. § 211(C)

37. Plaintiffs adopt by reference all of the facts set forth above. See, FED. R. CIV. P. 10(c).

38. The FLSA requires employers to keep accurate records of hours worked by, and wages paid to, nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

39. In addition to the pay violations of the FLSA described above, WTB also failed to keep proper time and pay records as required by the FLSA.

## VII. COUNT THREE—COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs adopt by reference all of the facts set forth above. See, FED. R. CIV. P. 10(c).

41. On information and belief, other employees have been victimized by WTB's violations of the FLSA identified above.

42. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

43. WTB's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

44. Since, on information and belief, Plaintiffs' experiences are typical of the

experiences of the putative class members, collective action treatment is appropriate.

45. Other employees of WTB, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

**All salaried manual laborers employed by WTB, during the period March, 2020 through March, 2023.**

46. WTB is liable to Plaintiffs and similarly situated workers for the difference between what it actually paid them and what it was legally obligated to pay them. The amount owed, including statutory sums to be added to actual unpaid overtime, exceed $2,000,000.00 over a three year period from 2020 to 2023.

47. Because WTB knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, WTB owe Plaintiffs and the other similarly situated workers their unpaid overtime wages for at least the last three years.

48. WTB is liable to Plaintiffs and the other similarly situated workers in an amount equal to their unpaid overtime wages as liquidated damages.

49. WTB is liable to Plaintiffs and the other similarly situated workers for their reasonable attorneys' fees and costs.

50. Plaintiffs have retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of Plaintiffs and all

other putative class members.

## VIII. JURY DEMAND

51. Plaintiffs demand a trial by jury.

## IX. RELIEF

52. Plaintiffs request the following relief:

a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b. judgment awarding Plaintiffs and the other similarly situated WTB employees all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c. prejudgment interest at the applicable rate;

d. post-judgment interest at the applicable rate;

e. incentive awards for any class representative(s); and

f. all such other and further relief to which Plaintiffs and the other similarly situated WTB employees may show themselves to be justly entitled.

[INTENTIONALLY LEFT BLANK]

Respectfully submitted,

MEADE | LAW | PLLC

By: /s/ Dawn Meade
Dawn R. Meade
TBN 13879750
FIN 15180
6575 West Loop South, Suite 500
Bellaire, TX 77401
Tel:   713-398-0907
Fax:   346-388-0010
Eml:   dawn@meade.law

*Attorneys for Plaintiffs*

Exhibit 1

# CONSENT TO BECOME A PARTY PLAINTIFF

THE STATE OF TEXAS §
COUNTY OF Hildago §
§

    I, Alex Lozoya, hereby represent to the Court that I have read the Engagement Agreement with my attorney, that includes a contingency fee agreement and an assignment of interest in any recovery I may obtain by way of this suit. I represent that I have had the right and opportunity to ask any and all questions I have regarding the agreement. I agree to be bound by its terms. After reading and agreeing to the Engagement Agreement, I hereby elect to "opt in" pursuant to 29 U.S.C. § 216(b) and consent to becoming a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages under 29 U.S.C. §§ 201, et seq. I authorize my attorney to file this document with the Court on my behalf.

APPROVED AND ACCEPTED IN FULL BY THE FOLLOWING CLIENT:

_/s/ Alex Lozoya_
Alex Lozoya

APPROVED AND ACCEPTED ON BEHALF OF Meade Law, PLLC:

_/s/ Dawn Meade_

Dawn R. Meade, Managing Member
Meade Law, PLLC
6575 West Loop South, Suite 500
Bellaire, TX 77401
Tel:   713-398-0907
Fax:  346-388-0010
Eml:  dawn@meade.law

Exhibit 2

## CONSENT TO BECOME A PARTY PLAINTIFF

THE STATE OF TEXAS §
§
COUNTY OF  Hidalgo §
§

    I, Eric Lozoya, hereby represent to the Court that I have read the Engagement Agreement with my attorney, that includes a contingency fee agreement and an assignment of interest in any recovery I may obtain by way of this suit. I represent that I have had the right and opportunity to ask any and all questions I have regarding the agreement. I agree to be bound by its terms. After reading and agreeing to the Engagement Agreement, I hereby elect to "opt in" pursuant to 29 U.S.C. § 216(b) and consent to becoming a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages under 29 U.S.C. §§ 201, et seq. I authorize my attorney to file this document with the Court on my behalf.

APPROVED AND ACCEPTED IN FULL BY THE FOLLOWING CLIENT:

_____
Eric Lozoya

APPROVED AND ACCEPTED ON BEHALF OF Meade Law, PLLC:

_____
Dawn R. Meade, Managing Member
Meade Law, PLLC
6575 West Loop South, Suite 500
Bellaire, TX 77401
Tel:  713-398-0907
Fax:  346-388-0010
Eml:  dawn@meade.law

Exhibit 3

## CONSENT TO BECOME A PARTY PLAINTIFF

THE STATE OF TEXAS §
§
COUNTY OF Bexar §
§

    I, Andres Rodriguez, hereby represent to the Court that I have read the Engagement Agreement with my attorney, that includes a contingency fee agreement and an assignment of interest in any recovery I may obtain by way of this suit. I represent that I have had the right and opportunity to ask any and all questions I have regarding the agreement. I agree to be bound by its terms. After reading and agreeing to the Engagement Agreement, I hereby elect to "opt in" pursuant to 29 U.S.C. § 216(b) and consent to becoming a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages under 29 U.S.C. §§ 201, et seq. I authorize my attorney to file this document with the Court on my behalf.

APPROVED AND ACCEPTED IN FULL BY THE FOLLOWING CLIENT:

*/s/ Andres Rodriguez*
Andres Rodriguez

APPROVED AND ACCEPTED ON BEHALF OF Meade Law, PLLC:

*/s/ Dawn Meade*
Dawn R. Meade, Managing Member
Meade Law, PLLC
6575 West Loop South, Suite 500
Bellaire, TX 77401
Tel:   713-398-0907
Fax:  346-388-0010
Eml:  dawn@meade.law

Exhibit 4

## CONSENT TO BECOME A PARTY PLAINTIFF

THE STATE OF TEXAS § § §
COUNTY OF Wichita § §

I, Benjamin Lunsford, hereby represent to the Court that I have read the Engagement Agreement with my attorney, that includes a contingency fee agreement and an assignment of interest in any recovery I may obtain by way of this suit. I represent that I have had the right and opportunity to ask any and all questions I have regarding the agreement. I agree to be bound by its terms. After reading and agreeing to the Engagement Agreement, I hereby elect to "opt in" pursuant to 29 U.S.C. § 216(b) and consent to becoming a party plaintiff in a Fair Labor Standards Act action to collect unpaid wages under 29 U.S.C. §§ 201, et seq. I authorize my attorney to file this document with the Court on my behalf.

APPROVED AND ACCEPTED IN FULL BY THE FOLLOWING CLIENT:

Benjamin Lunsford

APPROVED AND ACCEPTED ON BEHALF OF Meade Law, PLLC:

Dawn R. Meade, Managing Member
Meade Law, PLLC
6575 West Loop South, Suite 500
Bellaire, TX 77401
Tel:    713-398-0907
Fax:    346-388-0010
Eml:    dawn@meade.law