UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDRES RODRIGUEZ, ALEX LOZOYA, ERIC LOZOYA, BENJAMIN LUNSFORD, INDIVIDUALLY and on BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § § § | |
| *Plaintiff,* | § | Civil Action No.: 5:23-cv-00393 |
| v. | § § | |
| WTB LLC d/b/a WT BORING COMPANY LLC, CRAIG MORSE and MARK JONES | § § § § § | |
| *Defendant.* | § | |

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Defendants WTB LLC d/b/a /WT Boring Company LLC, Craig Morse, and Mark Jones ("Defendants"), files their Original Answer and Affirmative Defenses to the Original Complaint filed by Plaintiffs Andres Rodriguez, Alex Lozoya, Eric Lozoya, and Benjamin Lundsford and would respectfully show:

### INTRODUCTION AND LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants asserts a general denial as to those allegations contained in Plaintiffs' Original Complaint (the "Complaint") that are not specifically admitted in this Answer.

## I. SUIT SUMMARY

1. The statement contained in paragraph 1[1] is a statement of law to which no response is required.

2. The statement contained in paragraph 2 is a statement of law to which no response is required.

3. Defendant WTB denies the allegations contained in paragraph 3.

4. Defendant WTB denies the allegation that it failed to maintain accurate time and pay records as asserted in paragraph 4; the remaining statements in paragraph 4 are statements of law to which no response is required.

5. Defendants Morse and Jones deny the allegations contained in paragraph 5.

## II. JURISDICTION AND VENUE

6. Defendants do not dispute the Court's jurisdiction over this suit.

7. Defendants deny the allegations contained in paragraph 7.

## III. PARTIES

8. Defendants admit that Plaintiff Alex Lozoya was employed by WTB during the last three years but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 8, and on that basis Defendants deny those allegations.

9. Defendants admit that Plaintiff Eric Lozoya was employed by WTB during the last three years but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9, and on that basis Defendants deny those allegations.

10. Defendants admit that Plaintiff Andres Rodriguez was employed by WTB during the last three years but are without sufficient knowledge or information to form a belief as to the truth of

---

[1] All references to paragraph numbers are references to the Original Complaint.

the remaining allegations contained in paragraph 10, and on that basis Defendants deny those allegations.

11. Defendants admit that Plaintiff Benjamin Lundsford was employed by WTB during the last three years but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 11, and on that basis Defendants deny those allegations.

12. Defendant WTB denies the allegations contained in paragraph 12.

13. Defendant Morse admits the allegations contained in paragraph 13.

14. Defendant Jones admits the allegations contained in paragraph 14.

15. The statements contained in paragraph 15 appear to provide context and define terms for Plaintiffs and therefore require no response.

### IV. FACTS

16. Defendant WTB admits the allegations contained in paragraph 16.

17. Defendant WTB admits that it employed Andres Rodriguez, Alex Lozoya, Eric Lozoya, and Benjamin Lundsford as rig operators in various locations throughout the United States over several years with the clarification that they were superintendents and/or foremen and directed the crews they supervised.

18. Defendants admit the allegations contained in paragraph 18.

19. Defendants admit the allegations contained in paragraph 19.

20. Defendants admit the named Plaintiffs were paid as salaried employees but denies that their salaries were based on the hourly rates as asserted in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendant WTB admits that it was aware the named Plaintiffs may have worked in excess of 40 hours per week from time to time, but Defendant WTB denies the remaining allegations in paragraph 22.

23. Defendant WTB admits that the named Plaintiffs worked in teams and that, depending on project needs, some workers hired out of state may have been paid overtime, but denies the remaining allegations contained in paragraph 23.

24. Defendant WTB denies the allegations contained in paragraph 24.

25. Defendant WTB lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 regarding the communications of an unnamed "comptroller" and therefore denies those allegations. Defendant WTB also denies the remaining allegations contained in paragraph 25.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations related to communications with or to an unnamed supervisor, and therefore deny those allegations contained in paragraph 26. Defendants deny the remaining allegations contained in paragraph 26.

27. Defendant WTB denies the allegations contained in paragraph 27.

28. Defendant WTB denies the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

### V.    COUNT ONE – FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207(A)

30. The statements contained in paragraph 30 are statements of law to which no response is required.

31. The allegations set forth in paragraph 31 legal conclusions, not factual assertions, to which no response is required.

32. The allegations set forth in paragraph 32 constitute legal conclusions, not factual assertions, to which no response is required.

33. Defendant WTB denies the allegations contained in paragraph 33.

34. Defendant WTB denies the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35 that the named Plaintiffs were misclassified, the remaining allegations in paragraph 35 are inaccurate statements of law to which no response is required.

36. Defendant WTB denies the allegations contained in paragraph 36.

### VI.   COUNT TWO – FAILURE TO MAINTAIN ACCURATE RECORDS IN VIOLATION OF 29 U.S.C. § 211 (C)

37. The statements contained in paragraph 37 are statements of law to which no response is required.

38. The statements contained in paragraph 38 are statements of law to which no response is required.

39. Defendant WTB denies the allegations contained in paragraph 39.

### VII.   COUNT THREE – COLLECTIVE ACTION ALLEGATIONS

40. The statements contained in paragraph 40 are statements of law to which no response is required.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of what Plaintiffs believe, however Defendants deny that WTB violated the FLSA as alleged in paragraph 41.

42. The statements contained in paragraph 42 lack any detail or information by which Defendants could evaluate the claims asserted by Plaintiffs, and therefore Defendants do not have

sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42, and therefore Defendants deny them.

43. Defendant WTB denies the allegations contained in paragraph 43.

44. The statements contained in paragraph 44 lack any detail or information on which Defendants could evaluate the claims asserted by Plaintiffs, and therefore Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44, and therefore deny them.

45. Defendants deny the allegations contained in paragraph 45, including the assertion that a putative class of plaintiffs could be defined as "All salaried laborers employed by WTB, during the period of March, 2020 through March, 2023."

46. Defendant WTB denies the allegations contained in paragraph 46.

47. Defendant WTB denies the allegations contained in paragraph 47.

48. Defendant WTB denies the allegations contained in paragraph 48.

49. Defendant WTB denies the allegations contained in paragraph 49.

50. Defendants lack sufficient knowledge or information to form a belief as to the truth of the statements contained in paragraph 50.

## VIII. JURY DEMAND

51. Defendants acknowledge Plaintiffs' demand for a jury as noted in paragraph 51, but dispute Plaintiffs are entitled to a jury trial on any issue beyond their claims related to underpayment of overtime wages.

## IX. RELIEF

52. Defendants deny that Plaintiffs are entitled to any of the requested relief as detailed in paragraphs 52(a) through 52(f).

## X.   DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES

Defendants assert the following defenses and affirmative defenses to some or all of Plaintiffs' claims and/or damages requested or all of the putative collective and/or class of allegedly similarly situated persons each in the alternative and to the extent necessary and applicable.

1. The claims asserted by Plaintiffs do not raise questions of law or fact common to the putative class. To the extent any common issues exist or are asserted they are insignificant compared to the issues particular and unique to the named Plaintiffs and/or the putative class members.

2. Neither the claims asserted by the named Plaintiffs nor the defenses available to and asserted by Defendants are typical of the claims for the putative class.

3. Plaintiffs cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

4. None of the named Plaintiffs nor their counsel are proper representatives, and they cannot fairly and adequately protect the interests of the putative class.

5. Plaintiffs have not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. This case may not be maintained as a collective action because none of the Plaintiffs are similarly-situated within the meaning of the Fair Labor Standards Act (FLSA) to any other individual each purports to represent, and because Plaintiffs cannot otherwise satisfy the statutory prerequisites to collective action certification for trial.

7. Defendants assert that any and all damages sought by the named Plaintiffs and/or on behalf of the putative class of plaintiffs should be limited in accordance with any applicable statutory or other damage caps or limitations under federal or Texas law.

8. All or part of the relief sought is barred because the named Plaintiffs and/or the putative class of plaintiffs have failed to mitigate their alleged damages, if any.

9. Defendants asserts their entitlement to any allowable credits or offsets against a judgment, if any, in favor of the named plaintiffs or the putative class of plaintiffs.

10. Plaintiffs' claims and/or the claims of the putative class members are barred because any of Defendants' alleged acts or omissions purportedly giving rise to the alleged claims were the result of an innocent mistake and/or bona fide error that occurred regardless of Defendant WTB's established and implemented reasonable and appropriate practices and procedures. At all times Defendants acted in a reasonable manner regarding the employment and compensation of Plaintiffs.

11. To the extent that any act or omission giving rise to this action was done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the Fair Labor Standards Act, Plaintiff's claims are barred in whole or in part by, inter alia, Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

12. Defendants did not act willfully or knowingly with respect to any alleged violation of state or federal law. Rather, Defendants acted in good faith and without intent to harm the named plaintiffs and/or the putative class or to engage in any known wrongful act or violation of law. Any violation that may have occurred (which is denied) occurred notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

13. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, judicial or equitable estoppel, waiver, unclean hands and/or other equitable defenses.

14. Plaintiffs' alleged damages are speculative and uncertain, or both, and therefore non-compensable. The Complaint fails to adequately allege any dates or periods of alleged overtime work and fails to allege any amount of wages allegedly owed.

15. To the extent any members of the putative collective have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

16. Plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine.

17. Plaintiffs cannot state a claim for overtime pay under the FLSA during any workweek in which Plaintiffs worked fewer than forty (40) compensable hours.

18. Any violations of the FLSA were not willful, not ratified by Defendants, or not in reckless disregard of the requirements of the FLSA, and, therefore, any claims must be measured against a two-year statute of limitations.

19. To the extent any Plaintiff worked overtime without the actual or constructive knowledge of Defendants, such Plaintiff is not entitled to compensation for any such overtime hours worked.

20. Plaintiffs' claims are barred, in whole or part, by the doctrines of accord or satisfaction.

21. Defendants did not require, suffer or permit Plaintiffs to perform work without compensation under the FLSA, state law, or common law.

22. Even if Defendants had, in fact, failed to pay Plaintiffs for any activities alleged to be work (which it has not), such activities were preliminary or postliminary to principal activities

or do not constitute compensable work under the FLSA, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

23. To the extent that discovery reveals that Plaintiffs falsely reported alleged hours of work and there is no evidence that Defendants required the false reporting of such hours; or there is no evidence that Defendants encouraged Plaintiffs to falsely report his hours of work; or that there is no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to his hours of work, Defendants hereby invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by any Plaintiff.

24. Not all Defendants identified in the Complaint including, but not limited to, the individual defendants, qualify as "employers" under the statutes referenced or in the causes of actions asserted.

25. In addition to the foregoing defenses, Defendants retain their right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff or any putative collective action member who joins this action as those claims become known during this litigation and upon conducting discovery, in compliance with the Federal Rule of Civil Procedure and Court's scheduling order.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this action be dismissed, that the Plaintiffs and/or the putative class of plaintiffs take nothing by way of this suit, that Defendants be awarded costs, reasonable attorneys' fees, nontaxable expenses, taxable costs, interest on those amounts as provided by law, and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

By: */s/ M. Wilson Stoker*
M. Wilson Stoker
State Bar No. 24076806
Wilson.Stoker@jacksonlewis.com
Lauren Hope Whiting
Texas Bar No. 24084091
Lauren.Whiting@jacksonlewis.com
JACKSON LEWIS P.C.
93 Red River Street, Suite 1150
Austin, Texas 78701

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On June 20, 2023, I electronically submitted *Defendants' Answer and Affirmative Defenses to Plaintiffs' Original Complaint* to the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court to the following attorneys of record:

Dawn R. Meade
MEADE LAW PLLC
6575 West Loop South, Suite 500
Bellaire, TX 77401
dawn@meade.com

/s/ Lauren Hope Whiting

4879-2212-2603, v. 1